### HEZEKIAH PARSONS *versus* SAMUEL A. PEARSON.

A scire facias brought against the endorser of a writ, to recover the costs of the original suit, is local, and must be brought in the county and in the court where the record of the judgment in the former suit remains.

Where a judgment is rendered in favour of a defendant against a plaintiff, not an inhabitant of this state, for costs, the endorser of such plaintiff's original writ becomes liable immediately to pay such costs, and a scire facias may be maintained against him without suing out an execution upon the judgment.

THIS was a scire facias against *Pearson*, as endorser of an original writ in a suit commenced by one *Jesse Carr*, an inhabitant of the state of *Vermont*, against the said *Hezekiah Parsons*, and in which judgment was rendered here in this court at November term, 1817, in favor of *Parsons*, to recover his costs. It appeared from the scire facias that both the parties to it were inhabitants of the county of *Coos*.

*Pearson* objected that this scire facias ought to have been brought in the county of *Coos*, where the parties to it reside, and not in this county, and relied upon the statute of February 9, 1791, § 4, by which it is enacted " that all per- " sonal or transitory actions, where both parties are inhabit- " ants of this state, may be commenced in the county " wherein either of the parties to the suit may be an inhab- " itant, and not elsewhere in this state."

*But by the court.*—This objection is not well founded. A scire facias against an endorser is not a transitory action.

It is founded upon a record, is in its nature local, and must be brought not only in the court, but in the county where the record remains.

*Pearson* then objected, that the scire facias was defective, in not shewing what return had been made upon the execution which had issued upon the judgment against *Carr.*

*By the court.*—The statute of February 9, 1791, sec. 7, declares that all original writs shall be endorsed on the back thereof near the bottom, with the name of the plaintiff, if he be an inhabitant of this state, or in like manner by his agent or attorney, being an inhabitant of this state ; and where the plaintiff is not an inhabitant of this state, then the writ shall be endorsed in the manner aforesaid by some responsible person who is an inhabitant of this state, "and the "plaintiff's agent or attorney, who shall endorse his name "as aforesaid, shall be liable in case of the plaintiff's liv- "ing out of the state, or upon the neglect, inability or avoid- "ance of the plaintiff and return of *non est inventus,* or "that such execution as may have issued against the plain- "tiff is unsatisfied, to pay the defendant all such costs as he "shall recover, where the plaintiff shall not support his ac- "tion, on scire facias to be brought against such endorser "within one year," &c.

When a judgment for costs is rendered against a plaintiff who is an inhabitant of this state, the endorser of his original writ is, under the statute, liable only upon the neglect, inability, or avoidance of such plaintiff, appearing by a regular return of an execution duly issued upon the judgment. In order, therefore, to charge an endorser in such a case, the defendant must sue out an execution upon the judgment, and have it regularly returned. The neglect, inability, or avoidance of the plaintiff can be proved only by the return upon the execution, and the endorser is not liable till the execution has been returned.

But when the plaintiff, against whom such a judgment is rendered, is not an inhabitant of this state, the endorser of

Parsons
*vs.*
Pearson.

the original writ becomes liable immediately, and no execution need be sued out in order to charge him. The stipulation of an endorser in such a case is that all costs which the defendant may recover against the plaintiff shall be paid as soon as judgment is rendered.

In the present case it appears that *Carr* is an inhabitant of *Vermont.* The liability of the defendant does not, therefore, depend upon the return of the execution, and this objection is not well founded.

*J. I. Swan,* for the plaintiff.